IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**GREGORY BOONE, #116186**                                                           **PETITIONER**

**VERSUS**                                            **CIVIL ACTION NO. 3:07-cv-31-DPJ-JCS**

**WARDEN BYRD**                                                                       **RESPONDENT**

### MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Gregory Boone, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the Delta Correctional Facility, Greenwood, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Petitioner was convicted of gratification of lust in the Circuit Court of Hinds County, Mississippi, on November 8, 2005. Petitioner was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections, with ten years suspended and two years of post- release supervision. According to the docket of the Mississippi Supreme Court Clerk's Office, Petitioner's direct appeal of his conviction is pending before the Mississippi Supreme Court in cause number 2006-KA-00081-SCT.

The Petitioner presents the following grounds for habeas relief in the instant petition: (1) conviction was obtained by ineffective assistance of counsel; (2) conviction was obtained by a violation of the Due Process clause and court misconduct; (3) the judge abused his discretion when he denied the Petitioner's J.N.O.V. motion; and (4) conviction was obtained by prosecutor misconduct and discovery violations. As required by *Haines v.*

*Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and has reached the following conclusions.[1]

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A)  the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \* \* \* \* \* \* \* \* \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair

---

[1]The Court has construed the Petitioner's pleading entitled "petition for motion to show cause" [5] as a response to this Court's order [3], which directed the Petitioner to show cause why this case should not be summarily dismissed for his failure to exhaust state remedies. In addition, the Court considered the Petitioner's allegations contained in his "motion to amend discovery" [4] in reaching the conclusion set forth in this opinion.

opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). It is clear that Petitioner is in the process of exhausting his state remedies since his direct appeal is pending with the Mississippi Supreme Court. As such, Petitioner's application will be dismissed for failure to exhaust his available state remedies.

A final judgment in accordance with this memorandum opinion will be issued this date.

**SO ORDERED AND ADJUDGED** this the 6th day of March, 2007.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE